**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

<table>
<tr><td>

**GLORIA LEE, Individually and on Behalf of All Others Similarly Situated,**

               **Plaintiff,**

-against-


**FARRELL'S LIMOUSINE SERVICE CORP., FARRELLS' LIMOUSINE SERVICE, LLC, FARRELL'S LEASING COMPANY, INC., MARGUERITE FARRELL, PATRICK FARRELL and URSULA FARRELL, Jointly and Severally,**

               **Defendants.**

</td><td>

**CLASS & COLLECTIVE ACTION COMPLAINT**


**Jury Trial Demanded**

</td></tr>
</table>

Plaintiff Gloria Lee ("Lee"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.  Plaintiff is a chauffeur for Defendants' car service based in Long Island City, Queens. While working for Defendants, Plaintiff did not receive overtime wages for hours worked over forty (40) in a given workweek.

2.  Plaintiff brings this action to recover unpaid overtime premium pay owed to her pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for improper business expenses, uniform and uniform maintenance reimbursements, and failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.  Plaintiff brings her FLSA claims on behalf of herself and all other similarly situated employees of Defendants and her NYLL claims on behalf of herself and a Federal Rule of Civil Procedure 23 class of all chauffeurs working for Defendants in New York.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

7.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiff:**

8.      Plaintiff Lee was, at all relevant times, an adult individual residing in Bronx County, New York.

9.      During the relevant time period, Plaintiff performed work for Defendants from Defendants' garage, initially located at 430 East 92nd Street, New York, New York 10128. Plaintiff alleges that the garage moved to 22-11 38th Avenue, Long Island City, New York 11101 in or around August 2016.

10.      Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and her consent form is attached hereto.

**Defendants:**

11.      Upon information and belief, Farrell's Limousine Service Corp. ("Service Corp.") is an active New York limited liability company with its principal place of business located at 22-11 38th Avenue, Long Island City, New York 11101.

12.      Upon information and belief, Farrells' Limousine Service LLC ("Limousine Service") is an active New York limited liability company with its principal place of business located at 430 East 92nd Street, New York, NY 10128.

13.      Upon information and belief, Farrell's Leasing Company, Inc. ("Leasing Company" and, together with Limousine Service and Service Corp., "Farrell Limousine" or the "Corporate Defendants") is an active New York Corporation with its principal place of business located at 22-11 38th Avenue, Long Island City, New York 11101.

14.      Upon information and belief, Leasing Company supplies vehicles for Limousine Service and Service Corp.

15.     The Corporate Defendants' operations are interrelated and unified and are a single enterprise and/or joint employer of Plaintiff.

16.     At all relevant times, the Corporate Defendants operated together as a single business enterprise utilizing the same practices and policies.

17.     Upon information and belief, the Corporate Defendants are located at the same addresses, managed by the same persons, and share resources and personnel. Although Plaintiff began working from a garage located at 22-11 38th Avenue, Long Island City, New York 11101 in or around August 2016, upon information and belief, Defendants still maintain offices in the 92nd Street location. The rate schedule, credit card application and charge account application forms on Defendants' website, intended for prospective clients, list Farrell Limousine's address as 430 East 92nd Street, New York, NY 10128.

18.     Marguerite Farrell ("M. Farrell") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

19.     Patrick Farrell ("P. Farrell") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

20.     Ursula Farrell ("U. Farrell" and, together with M. Farrell and P. Farrell, the "Individual Defendants" and, collectively with the Corporate Defendants, the "Defendants") is an owner and operator of the Corporate Defendants who sets the Corporate Defendants' payroll policies, including the unlawful practices complained of herein.

21.     In corporate filings with the New York State Department of State, Division of Corporations, Individual Defendant M. Farrell is listed as the Chief Executive Officer of Farrell's

Limousine Service Corp.

22. In corporate filings with the New York State Department of State, Division of Corporations, Individual Defendant P. Farrell is listed as the Chief Executive Officer of Farrell's Leasing Company, Inc.

23. The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Corporate Defendants' other similarly situated employees and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations thereunder, 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

24. At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

25. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

26. Upon information and belief, at all relevant times, the Corporate Defendant has had gross revenues in excess of $500,000.00.

27. At all relevant times, the Corporate Defendant has used goods and materials produced in interstate commerce, and have employed two or more individuals who handled these goods and materials.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28.     Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings her First and Second Causes of Action as a collective action under the FLSA on behalf of herself and the following collective:

> All persons employed by Defendants at any time since June 19, 2014 and through the entry of judgment in this case (the "Collective Action Period") who worked as chauffeurs (the "Collective Action Members").

29.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay overtime premiums for all work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of forty (40) hours per week.

30.     Plaintiff and the Collective Action Members have substantially similar job duties and were paid pursuant to a similar, if not the same, payment structure.

## NEW YORK RULE 23 CLASS ALLEGATIONS

31.     Pursuant to the NYLL, Plaintiff brings her Third through Sixth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following class:

> All persons employed by Defendants in New York at any time since June 19, 2011 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees (the "Class Members").

32.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by any means permissible under Federal Rule of Civil Procedure.

33. <u>The Class Members are so numerous that joinder of all members is impracticable.</u>

34. Upon information and belief, there are in excess of forty (40) Class Members.

35. <u>Common questions of law and fact exist as to all Class Members and predominate over any questions solely affecting individual Class Members.</u> Such common questions will determine Defendants' liability to all (or nearly all) Class Members. These common questions include:

    a. whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

    b. whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

    c. whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for all hours worked in excess of forty (40) hours per workweek;

    d. whether Defendants failed to reimburse Plaintiff and the Class Members for the cost of repairs, tickets and accidents;

    e. whether Defendants failed to reimburse Plaintiff and the Class Members for all uniform purchase and maintenance expenses;

    f. whether Defendants failed to provide accurate wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each year as required by the NYLL;

    g. whether Defendants failed to provide accurate wage statements to Plaintiff and Class Members with each payment of wages as required by the NYLL;

    h. whether Defendants' failure to properly pay Plaintiff and the Class Members lacked

a good faith basis; and

i. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

36. <u>Plaintiff's claims are typical of the Class Members' claims</u>. Plaintiff, like all Class Members, was a chauffeur of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, not paid overtime premium pay for hours worked over forty (40) hours in a given workweek; not reimbursed for certain business expenses, including the cost of repairs, tickets and accidents; not reimbursed for uniform purchase and maintenance expenses; not provided proper wage statements with each of her wage payments; and not provided proper wage notice when hired or before February 1 of each year. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

37. <u>Plaintiff and her Counsel will fairly and adequately represent the Class</u>. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover her own damages.

38. Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

39. <u>A class action is superior to other available methods for the fair and efficient adjudication of this litigation</u>.

40. Defendants are sophisticated parties with substantial resources. The individual plaintiff lacks the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

41.     The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other currently pending litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Defendants' Companies**

42. At all relevant times, Defendants have been in the car service business. According to Defendants' website, "[s]ince its founding in 1968, two generations of the Farrell family have carried on our reputation for anticipating and exceeding the needs of those with discriminating tastes…the second generation of the Farrell Family continues to operate the company based on its founding principles. Farrell Limousine Service offers a variety of high quality, luxury vehicles that meet your every need, including limousines, town cars, SUVs, and an ever-growing stable of environmentally friendly and hybrid vehicles." (http://www.farrellslimousine.com/about/).

43. Upon information and belief, most of the vehicles in Defendants' fifty to eighty (50-80) car fleet are sedans.

44.     Upon information and belief, Defendants have employed between fifty (50) and one hundred (100) drivers at any given time during the Relevant Time Period.

45.     Defendants M. Farrell, P. Farrell and U. Farrell are frequent presences in the Farrell Limousine garage and take an active role in ensuring that the business is run in accordance with their policies and procedures.

46.     Plaintiff Lee observed the Individual Defendants in the dispatcher's room and elsewhere in the Farrell Limousine building on a daily basis and they occasionally gave drivers job assignments.

47. Upon information and belief, Defendants' employees Randy Ramirez, Paul Leone and Paul Barcellos are current and former managers at Farrell Limousine. Upon information and belief, the Individual Defendants have been in constant contact with Ramirez, Leone, Barcellos and other managers to ensure that the business is operating in accordance with their standards and policies.

**Plaintiff's Work for Defendants**

48. Plaintiff Lee has worked for Defendants as a chauffeur from in or around September 19, 2009 through the present (the "Lee Employment Period").

49. As a chauffeur, Lee primarily drives sedans, SUVs, vans and stretch limousines. While she occasionally drives a sixteen (16) passenger van, she primarily drives vehicles seating eight (8) passengers or fewer, including the driver, on a daily basis. Plaintiff Lee drives in New York and throughout the Northeast.

50. From the start of the Lee Employment Period to in or around early 2016, Plaintiff Lee typically worked five to seven (5-7) days per week for a total of approximately fifty to sixty (50-60), and sometimes up to seventy (70), hours per week. In or around early 2016, Plaintiff Lee became a part-time employee. Although she was scheduled to work four (4) days per week, Plaintiff Lee frequently worked five (5) or six (6), and sometimes seven (7) days per week when Defendants asked if she was available to work, for a total of between thirty (30) and forty-eight (48) hours per week. Although Plaintiff Lee was typically scheduled to work between 12:00 pm and 8:00 pm, she sometimes worked as late as 11:00 pm or 12:00 am, depending on her clients' needs.

51. Throughout the Lee Employment Period, Plaintiff Lee received job assignments from Defendants' dispatchers and, occasionally, from the Individual Defendants themselves.

Plaintiff Lee observed each of the Individual Defendants, M. Farrell, P. Farrell and U. Farrell, supervising employees and overseeing the operation of the business.

52.     Plaintiff alleges that throughout her employment with Defendants, she has received the New York State minimum wage for time spent waiting for jobs from the dispatcher. Once Lee receives a job, her hourly rate increases depending on the type of vehicle that she is assigned. For example, Lee receives fifteen dollars ($15.00) per hour to drive a sedan, eighteen dollars ($18.00) per hour to drive an SUV or stretch limousine and twenty-two dollars ($22.00) per hour to drive a Mercedes-Benz. Plaintiff alleges that her pay drops down to minimum wage for time spent on standby between jobs. Throughout the Lee Employment Period, Plaintiff Lee has received her wages entirely in check.

53.     Throughout the Lee Employment Period, Defendants kept track of Lee's hours worked by requiring her to punch in and out on a timeclock located next to the dispatcher's office. Additionally, Plaintiff alleges that once she finds her car in the garage after receiving an assignment, she signs in using an iPad and uses the device to indicate when she is on location, when a passenger comes onboard, when she makes a stop and when she has completed the job.

54.     Although Plaintiff Lee frequently worked well in excess of forty (40) hours per week, she was paid her regular hourly rate for all hours for which she received compensation. Plaintiff alleges that Defendants began paying overtime premiums of one and one-half (1.5) times her regular hourly rate for hours worked in excess of forty (40) in a workweek in or around late 2015 or early 2016, presumably in response to a previously filed lawsuit against Defendants alleging similar violations to the ones complained of herein.

55.     Plaintiff alleges that on at least two (2) occasions, she was required to pay Randy Ramirez, a manager, for tickets that she received while driving one of Defendants' vehicles.

Plaintiff is further aware that other drivers, including Ed Weinberg, were similarly required to pay Defendants out of pocket for any damage to vehicles incurred on the job or for tickets they received while driving a Farrell vehicle.

56.     Plaintiff was required to wear a suit, white shirt, dress shoes and a blue tie on the job. Although Defendants provided the ties free of charge, Defendants did not reimburse her for the costs of purchasing or maintaining the remainder of her uniform, certain components of which required dry cleaning.

57.     Plaintiff Lee's paystubs did not show an overtime rate from the start of her employment with Defendants through around late 2015. Additionally, while Plaintiff was required to sign a sheet of paper each year containing her hourly rate, she did not receive a wage notice showing her overtime rate. Defendants thus failed to provide Plaintiff with proper wage notices and wage statements.

**Defendants' Unlawful Corporate Policies**

58.     Plaintiff and the Class Members were all paid pursuant to the same corporate policies of Defendants, including paying straight-time rates for all hours paid and failing to pay overtime premiums even though Plaintiff and the Class Members typically work well in excess of forty (40) hours per week.

59.     Plaintiff has spoken with other drivers of Defendants, who similarly worked in excess of forty (40) hours during the Class Period and were similarly not paid overtime premiums for hours worked over forty (40) in a workweek. Defendants' failure to pay Plaintiff and the Class Members overtime compensation of one and one-half (1.5) times their regular hourly rate for all hours worked over forty (40) hours per week was a corporate policy of Defendants, which applied to all of their hourly employees throughout the relevant period.

60.    Plaintiff has spoken with other employees of Defendants who similarly did not receive a proper wage statement with each payment of wages showing their overtime rates. Defendants' failure to provide proper wage statements in accordance with the requirements of the NYLL was a corporate policy that applied to all hourly employees throughout the relevant time period.

61.    Defendants did not provide Plaintiff and the Class Members with proper wage notices at the time of hire or by February 1 of each year showing their overtime rates.

62.    Upon information and belief, throughout the Class Period and continuing to today, Defendants have failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

63.    Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment. Upon information and belief, such individuals were not paid time and one-half when working in excess of forty (40) hours per week.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

64.    Plaintiff, on behalf of herself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

65.    Defendants violated the FLSA overtime rights of Plaintiff and the Collective Action Members by improperly treating them as exempt from the FLSA when they performed non-exempt duties and failing to pay overtime premiums of one and one-half (1.5) times employees' regular hourly rates for all hours worked in excess of forty (40) hours per week.

66.     By failing to pay overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

67.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

68.     Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

69.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

70.     Defendants violated the NYLL overtime rights of the Plaintiff and the Class Members by improperly treating them as exempt from the NYLL when they performed non-exempt duties and failing to pay overtime premiums consisting of one and one-half (1.5) times employees' regular hourly rates for all hours worked in excess of forty (40) hours per week.

71.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half times the regular rate of

pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

72.     Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNLAWFUL BUSINESS EXPENSE DEDUCTIONS
### (Brought on Behalf of Plaintiff and the Class Members)

73.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

74.     Defendants have forced Plaintiff and the Class Members to pay to Defendants out-of-pocket expenses of Defendants' business, specifically the cost of repairs, tickets and accidents. Accordingly, Defendants are required to compensate Plaintiff and the Class Members for all business expenses that Defendants wrongly made Plaintiff and the Class Members cover.

75.     Defendants' improper business expenses charged to Plaintiff caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants the amount that Defendants took from their wages in the form of deductions, damages for unreasonably delayed payment of wages liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(I) *et al.*

## FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW – UNIFORM VIOLATIONS
### (Brought on Behalf of Plaintiff and the Class Members)

76.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77.     Defendants willfully violated the rights of the Plaintiff and the Class Members by failing to reimburse them for the purchase of their required uniforms, and by failing to provide them with uniform maintenance pay, in violation of the NYLL §§ 650, *et seq*., and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.8 (2009), 146-1.7 & 1.8 (2011).

78.     Defendants' uniform violations caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants the amount that Defendants failed to reimburse Plaintiff and Class Members for the purchase of their uniforms and the amount that they failed to pay Plaintiff and Class Members for the maintenance of such uniforms, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL § 663(I) *et al.*

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW – WAGE STATEMENT VIOLATIONS
### (Brought on Behalf of Plaintiff and the Class Members)

79.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80.     Defendants have willfully failed to supply Plaintiff and the Class Members a proper

wage statement as required by Article 6, § 195(3).

81.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred fifty dollars ($250) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL §§ 198(1-d) liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SIXTH CAUSE OF ACTION
## NEW YORK LABOR LAW –WAGE NOTICE VIOLATIONS
### (Brought on Behalf of Plaintiff and the Class Members)

82.     Plaintiff, on behalf of herself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

83.     Defendant has willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiff and the Class Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

84.     Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, or a total of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, § 198(1-b)., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of herself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.      Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members;

b.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and her counsel to represent the Class;

c.      An order tolling the statute of limitations;

d.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.      An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as

provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.       An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.       An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.       An award of damages arising out of improper business expenses;

i.       An award of actual and liquidated damages as a result of Defendants' failure to reimburse for uniform purchase and maintenance costs;

j.       An award of two hundred fifty dollars ($250.00) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1-d);

k.       An award of fifty dollars ($50.00) per Plaintiff and each of the Class Members for each workweek that the violations of NYLL, Article 6 § 195(1), pertaining to distribution of wage notice, occurred or continue to occur, or a total of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL § 198(1-b);

l.       An award of prejudgment and post-judgment interest;

m.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      June 19, 2017

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff, the putative collective and class*

# CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Farrell Limousine Service LLC and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me prevailing wages and overtime wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being **named as the representative plaintiff** in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_Gloria Lee_
Signature

_GLORIA Lee_
Printed Name